1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   BRAD D. KRASNOFF, State Bar No. 125065
2  brad.krasnoff@lewisbrisbois.com
   AMY L. GOLDMAN, State Bar No. 134088
3  amy.goldman@lewisbrisbois.com
   SCOTT LEE, State Bar No. 204564
4  slee@lbbslaw.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: (213) 250-1800
6  Facsimile: (213) 250-7900

7  Attorneys for NEW VISION HORIZON, LLC

8

9                UNITED STATES BANKRUPTCY COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11               SAN FERNANDO VALLEY DIVISION

12 | In re                                  | Case No.: 1:13-bk-16307-MT

13 | HAWKEYE ENTERTAINMENT, LLC,             | Chapter 11

14 |     Debtor and Debtor-in-Possession.    | NEW VISION HORIZON, LLC'S OPPOSITION TO DEBTOR AND DEBTOR IN POSSESSION'S OMNIBUS MOTION FOR AN ORDER (1) AUTHORIZING THE ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASE AND SUBLEASE FOR PREMISES LOCATED AT 618 SOUTH SPRING STREET, LOS ANGELES; (2) DEEMING THE DEBTOR AND SUBLESSOR IN COMPLIANCE WITH BANKRUPTCY CODE §365(b)(1)(A) AND (B) PENDING ADJUDICATION OF DEBTOR'S STATE COURT CLAIMS; (3) EXCUSING OR DEEMING DEBTOR IN COMPLIANCE WITH BANKRUPTCY CODE §365(d)(3); OR, (4) ALTERNATIVELY, EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTOR MAY ASSUME OR REJECT UNEXPIRED NON-RESIDENTIAL LEASE AND EXECUTORY CONTRACTS AND, IF APPLICABLE, THE TIME FOR PERFORMANCE UNDER BANKRUPTCY CODE §365(d)(3); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHAEL S. CHANG IN SUPPORT THEREOF

4843-6750-6711.1

Hearing Date:
Date: January 9, 2014
Time: 9:30 A.m.
Ctrm: 302

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, DEBTOR, PARTIES IN INTEREST AND THEIR COUNSEL OF RECORD:

NEW VISION HORIZIN, LLC ("New Vision") hereby respectfully submits its opposition (the "Opposition") to the Omnibus Motion of HAWKEYE ENTERTAINMENT, LLC, the debtor and the debtor in Possession herein ("Debtor", "Debtor in Possession" or "Movant"), For An Order (1) Authorizing The Assumption Of Non-Residential Real Property Lease And Sublease For Premises Located At 618 South Spring Street, Los Angeles; (2) Deeming The Debtor And Sublessor In Compliance With Bankruptcy Code §365(b)(1)(A) And (B) Pending Adjudication Of Debtor's State Court Claims; (3) Excusing Or Deeming Debtor In Compliance With Bankruptcy Code §365(d)(3); Or, (4) Alternatively, Extending The Time Period Within Which The Debtor May Assume Or Reject Unexpired Non-Residential Leases And Executory Contracts And, If Applicable, The Time For Performance Under Bankruptcy Code §365(d)(3) (the "Motion") [Docket No. 40]. The Opposition is supported by the Memorandum of Points and Authorities the Declaration of Michael S. Chang annexed hereto.

///
///
///
///
///
///
///
///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

PLEASE TAKE NOTICE THAT pursuant to Local Bankruptcy Rule 9013-1(g), any reply to this Opposition must be filed with the Court and served upon New Vision's counsel and the United States Trustee not later than 7 days prior to the hearing on the Motion.

DATED: December 26, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
BRAD D. KRASNOFF
AMY L. GOLDMAN
SCOTT LEE
Attorneys for NEW VISION HORIZON, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Though the Debtor makes various accusations of wrongdoing by New Vision in its moving papers, New Vision asserts that they are inaccurate representations of the true facts. New Vision acknowledges that there are numerous disputes about the terms of the lease concerning a parcel of commercial real property located at 618 S. Spring Street, Los Angeles, CA (the "Subject Property"), and as such, requests that this Court deem the Motion as a contested matter and schedule an Evidentiary Hearing. In the meantime, New Vision also requests that the Court order certain funds be set aside immediately for unpaid pre- and post-petition rents in order to protect New Vision in the event it is successful in the contested matter. New Vision asserts that the Debtor's current proposal to only set aside post-petition rents (totaling approximately $54,000.00 as of the filing of the Motion) into the Debtor in Possession Rent Account ("DIP Rent Account") is woefully inadequate to protect New Vision's potential interests.[1]

In the instant case, the Debtor alleges that New Vision's continued failure to fulfill its duties and obligations as the landlord forced it to spend millions of dollars renovating the Subject Property in order to, among other things, meet the City of Los Angeles' health and safety requirements. However, the Debtor fails to explain (a) how those alleged funds were spent (e.g., breakdown of expenses, invoices, evidence of payment, etc.) and (b) what the nature of the health and safety violations was which required such funds to be spent. Moreover, the Debtor also fails to explain how it was able to sublet the premises to a subtenant without New Vision's express consent, which New Vision asserts was a material breach that may have resulted in the termination of the lease pre-petition. The Debtor's unsupported assertion that there is no breach of the lease to cure under 11 U.S.C. §365(b)(1) while continuing to withhold payment of the rents to New Vision for <u>almost 3 years</u> based on, among other reasons, the lack of an official "grand opening" of whose

---

[1] New Vision has previously requested $945,224.78 of unpaid pre-petition rents and other expenses from the Debtor.

4843-6750-6711.1                                    1

night club business, is the subject of substantial dispute.

Through the Motion, the Debtor is seeking the Court's approval to, among other things, assume the non-residential real property lease (the "Lease") and sublease (the "Sublease") for a portion of the Subject Property which is currently owned by New Vision.[2] In order to address properly the numerous issues giving rise to the Debtor's ability (or lack thereof) to assume the Lease/Sublease, New Vision requests that the Court (a) deem this Motion as a contested matter, (b) allow parties to conduct discovery and (c) set an Evidentiary Hearing to determine (i) whether there was a material breach of the terms of the Lease/Sublease which terminated the Lease/Sublease pre-petition, (ii) assuming there is a viable Lease/Sublease that the Debtor could assume, what are the terms and (iii) assuming there is a breach of a viable Lease/Sublease, what is the appropriate cure that the Debtor must provide before it can assume the Lease/Sublease. New Vision and the Debtor have disputes regarding the fundamental terms of the Lease (e.g., the Debtor believes that certain amendments are binding on New Vision while New Vision believes otherwise) which New Vision believes could only be fully vetted through discovery and an Evidentiary Hearing. Without going through such process, New Vision believes this Court will not be in a position to fully adjudicate whether the Debtor should be authorized to assume the Lease/Sublease or not.

Based on the foregoing, New Vision requests that the Court enter its Order: (a) deferring final ruling on the Motion, (b) deeming the Motion as a contested matter, (c) setting an Evidentiary Hearing to adjudicate these critical issues before deciding whether the Lease/Sublease could be assumed by the Debtor and (d) directing the Debtor to immediately set aside certain amount of funds to cover pre- and post-petitions due New Vision if and when the Court determines that New Vision is entitled to receive such rents.

///

///

---

[2] Even assuming arguendo that there is currently a viable Lease/Sublease for the Debtor to assume, there is a dispute as to what constitutes "the premises" covered under the Lease/Sublease.

4843-6750-6711.1    2

## II.

## FACTUAL BACKGROUND

1. The above-captioned bankruptcy case (the "Bankruptcy Case") was commenced by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on September 30, 2013 (the "Filing Date").

2. Among the asserted assets of this bankruptcy estate is an interest in the Lease/Sublease.

3. New Vision is the current owner of the Subject Property.

4. New Vision became the owner of the Subject Property when it foreclosed on its Deed of Trust on December 20, 2010. At the time of the foreclosure sale, the Subject Property was vested in the name of PAX America Development, LLC ("Pax America"), which was in bankruptcy.

5. On June 30, 2011, the Debtor commenced an action against New Vision styled, Hawkeye Entertainment, LLC v. New Vision Horizon, LLC (Case No. BC464610), in the Superior Court of California, County of Los Angeles (the "First Action"). A true and correct copy of the Complaint filed in the First Action (the "First Complaint") is attached to the Declaration of Michael S. Chang as **Exhibit "A"**. In the First Complaint, the Debtor alleged against New Vision, among other causes of action, breach of the Lease, specific performance and declaratory relief (both with respect to (a) right to amounts owed under the Lease and offsets and (b) rent commencement date).

6. The Debtor attached a copy of the Lease concerning the Subject Property as Exhibit "1" to the First Complaint. However, the copy of the Lease had only attached to it Exhibit "D" and no other Exhibits or Amendments.

7. New Vision later filed a Petition to Compel Arbitration of the First Action (the "Petition") in lieu of an answer to the First Complaint. On May 10, 2012, the Petition was granted by the Superior Court. After the Court ordered the parties to arbitrate the First Action, the Debtor and New Vision entered into informal discussions to potentially settle the First Action without the need to go to arbitration.

4843-6750-6711.1    3

8. The Debtor and New Vision attempted resolve their dispute consensually but were not able to reach a resolution. New Vision asserts that there was no "meeting of the minds."

9. Unbeknownst to New Vision, the Debtor later claimed that the parties had reached an oral agreement and that they purportedly agreed to execute a written agreement memorializing the terms.

10. New Vision disputed the Debtor's assertions regarding the existence of such an agreement, oral or otherwise, between the parties. Even assuming arguendo that an oral agreement did exist, which New Vision vehemently disputed and still disputes, New Vision believes that any agreement affecting the ownership of real property which was not reduced to writing violated the Statute of Frauds and was thus unenforeable.

11. The First Action was stayed by the Superior Court.

12. On July 15, 2013, the Debtor commenced a second action against New Vision styled, <u>Hawkeye Entertainment, LLC v. New Vision Horizon, LLC</u> (Case No. BC515124), in the Superior Court of California, County of Los Angeles (the "Second Action"). A true and correct copy of the Complaint filed in the Second Action (the "Second Complaint") is attached to the Declaration of Michael S. Chang as **Exhibit "B"**. In the Second Complaint, the Debtor alleged against New Vision, among other causes of action, breach of oral contract and breach of implied contract.

13. The Second Action was not stayed by the Superior Court.

14. On or about September 20, 2013, New Vision sent the Debtor a written five day notice to pay rent or quit demanding that the Debtor pay, among other things, unpaid rents for the Subject Property. A true and correct copy of the September 20, 2013 letter is attached to the Declaration of Michael S. Chang as **Exhibit "C"**. In the letter, New Vision demanded payment of $945,224.78 of unpaid pre-petition rents within 5 business days after receipt of the letter.

15. Thereafter, the Debtor commenced the within Bankruptcy Case.

16. Recently, an issue arose regarding the timing and manner of New Vision's foreclosure sale of the Subject Property.

17. As such, New Vision filed its Motion for Annulment of the Automatic Stay

4843-6750-6711.1

4

("Annulment Motion") in the Bankruptcy Case of PAX America Development, LLC, Case No. 2:10-bk-62980-PC, on October 18, 2003. The Court granted the Annulment Motion and entered an Order to that effect on November 18, 2013.

18. Consequently, until November 18, 2013, it was uncertain whether New Vision would remain the owner of the Subject Property and therefore was not in a position to fully evaluate any motions and pleadings filed in this Bankruptcy Case (including the within Motion).

19. On November 29, 2013, the Debtor filed the within Motion [Docket No. 40]. The Debtor attached a copy of the Lease as Exhibit "A" to the Motion. The copy of the Lease which was attached to the Motion as Exhibit "A" included (a) Exhibits and (b) Amendments, which were not previously attached to the First or Second Complaint filed in the State Court nor provided by the Debtor's state court litigation counsel.

20. In the Motion, the Debtor asserts that it has sublet the premises covered under the Lease to WERM Investments, LLC ("WERM" or "Sublessee").

21. New Vision is informed that WERM and the Debtor have a common ownership.

22. Paragraph 12.3(b) of the Lease states that:

(b) Any purported assignment without Landlord's prior written consent shall be void and of no force or effect and shall not confer any estate or benefit on anyone. Consent to one (1) assignment by Landlord shall not be deemed to be consent to any subsequent assignment to any other party.

23. Moreover, Paragraph 12.4 of the Lease states that:

Notwithstanding anything in this Lease to the contrary, Tenant shall have the right without Landlord's consent, to enter into an assignment or sublease to any Affiliate or to any Person succeeding to substantially all of the assets of Tenant as a result of a consolidation or merger, or to a Person acquiring all of substantially all of the stock, other ownership interest or assets of Tenant ("Permitted Assignment"), provided that the Permitted Use will be conducted in the Premises and provided further that within fifteen (15) days after the effective date of any such transfer the assignee or sublessee executes and delivers to Landlord an instrument reasonably acceptable to Landlord containing an express assumption of all of Tenant's obligations under this Lease (or, in the case of a sublease, a copy of the sublease which shall provide that it is subject to the Lease, which copy may be redacted to delete economic terms).

24. The Debtor did not attach a copy of the Sublease to the Motion nor was a copy of the Sublease ever provided to New Vision or its counsel.

25. New Vision never received any "instrument reasonably acceptable to Landlord

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-6750-6711.1    5

containing an express assumption of all of Tenant's obligations under the Lease" and the condition precedent set forth in Paragraph 12.4 of the Lease was never satisfied. As such, New Vision believes that the entry into the Sublease without its express consent constituted a non-monetary, material breach of the Lease which may have resulted in the termination of the Lease prior to the Filing Date.

## III.

## ARGUMENT

A.    <u>The Issue Of Assumption Of The Lease/Sublease Should Be Deemed As A Contested Matter</u>

Due to the numerous disputed facts and law regarding, among other things, (a) validity of the Lease/Sublease and (b) terms of the Lease/Sublease, New Vision believes that the Motion cannot be decided without conducting some discovery and obtaining witness testimony. Federal Rules of Bankruptcy Procedure ("FRBP") Rule 9014(a) states that:

> In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

In many instances, it is the filing of an objection to a motion rather than the motion itself that commences a contested matter. Moreover, FRBP Rule 6006(a) states:

> A proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014.

In the instant case, New Vision asserts that the Motion cannot be adjudicated unless and until New Vision – and the Court – have a full, accurate version of the Lease/Sublease and all amendments thereto, if any. Given what appear to be inconsistent/incomplete versions of the Lease/Sublease extant in various Court, discovery is needed in order for the Court to consider properly the within Motion.

B.    <u>The Court Should Set An Evidentiary Hearing To Determine The Disputed Terms Of Lease, If Any, And The Rights Of The Parties Under The Same</u>

New Vision vehemently disputes the Debtor's version of the relevant facts of this case set forth in its moving papers and accordingly, New Vision asserts that an Evidentiary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Hearing will be necessary to adjudicate the following (non-exhaustive) assortment of issues:

First, the Debtor asserts (without any supporting documents) that New Vision and its predecessor Pax America failed to fulfill their duties and obligations under the Lease. New Vision denies these allegations. New Vision has diligently and tirelessly sought approval from the City of Los Angeles to meet all of the health and safety requirements for the Subject Property. In fact, New Vision asserts that it has fully satisfied their duties and obligations under the Lease.

Second, the Debtor references in the Motion some duty that New Vision owes to the subtenant WERM. New Vision denies that any such duty is owed to WERM. Indeed, the Debtor subleased the Premises to WERM (which New Vision believes shares a common ownership with the Debtor) without New Vision's express consent which constituted a material breach of the Lease. Curiously, the Debtor failed to attach copies of (a) the Sublease and (b) written approval of such Sublease to the Motion.

Third, the Debtor asserts that it has spent more than $3,500,000.00 in improvements to the Subject Property of which amount over $1,500,000.00 is the responsibility of New Vision. However, no documentation whatsoever justifying the expenses was provided by the Debtor.

Fourth, as for the adequate assurance of future performance under 11 U.S.C. §365(d)(3), the Debtor volunteers to set aside the monthly post-petition rents into a DIP Rent Account. However, for pre-petition rents which New Vision believes are in default, the Debtor only offers to provide a guaranty of payment by certain non-Debtors. New Vision asserts that this is grossly inadequate to protect its interest if and when it successfully adjudicates the Lease issues. New Vision should not be forced to risk spending substantial resources in chasing non-Debtor guarantors to collect the back rents and/or seek recovery from their potential bankruptcy estates. Either way, New Vision would be taking all of the risk of non-payment simply based on the Debtor's unproven allegations that it is not in breach of the Lease terms and that it has an enormous amount of potential offsets to the unpaid rents.

Fifth, New Vision asserts that the Debtor has been and is still in breach of the Lease (assuming it has not been terminated) by failing to pay rents and/other obligations to New Vision

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

such as its share of the property taxes. The Debtor's unsupported and unsubstantiated assertion that it owes no rent to New Vision based on some unspecified building code violations is not well taken. Indeed, none of the explanations/excuses made by the Debtor for non-payment of pre-petition and post-petition rents are substantiated by credible evidence.

Sixth, the Debtor has attached different combinations of the Lease, Exhibits and/or amendments to the First Complaint filed in the First Action and the Motion filed with this Court. Without going into the details, New Vision is concerned that the Debtor may have selectively attached (or omitted) a copy of the Lease, Exhibits and/or amendments to provide a different set of facts and evidence for different courts to consider. Indeed, certain Exhibits and amendments to the Lease which are currently attached to the Motion were previously not attached to the First Complaint.

C. The Court Should Continue The Hearing On The Motion In This Bankruptcy Case Until All Issues Regarding The Lease Could Be Adjudicated

While the parties prepare for an Evidentiary Hearing to present the Court with documentary and testimonial evidence, New Vision is agreeable to the Court extending the deadline by which the Debtor can assume the Lease/Sublease. New Vision believes that any decision by the Court with respect to the Lease/Sublease without allowing the parties to conduct discovery and having an Evidentiary Hearing may be premature.

D. The Court Should Order The Debtor To Immediately Set Aside A Substantial Sum In DIP Rent Account To Protect New Vision's Interests In Pre- And/Or Post-Petition Rents

New Vision acknowledges that the Court could either rule for or against it regarding the disposition of its pre- and post-petition rent claims. However, in the event that New Vision is victorious, its interests need to be adequately protected. The Debtor's current proposal to only set aside post-petition rents (which does not include portions of property taxes responsible by the Debtor/tenant) is woefully inadequate. New Vision has previously requested $945,224.78 of unpaid pre-petition rents and other expenses from the Debtor. The Debtor's proposal to provide financial documents of the Debtor's principals who may guaranty payments (which documents New Vision have not seen since they were filed under seal) is not sufficient. By contrast, New

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-6750-6711.1                                8

Vision asserts that its potential interests in pre- and post-petition rents will be protected if the funds were either deposited into the DIP Account or some other segregated account. In the event New Vision were not successful, the funds would be released to the Debtor. As such, the Debtor would not be prejudiced from this arrangement.

## IV.

## RESERVATION OF RIGHTS

New Vision expressly reserves its rights to supplement and amend this Opposition as is necessary, its rights to introduce evidence supporting this Opposition at the hearing on the Motion, and its right to submit additional and supplemental objections at the conclusion of discovery, if any.

## V.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, New Vision respectfully requests that the Court enter its Order: (1) sustaining New Vision's Opposition, (2) denying the Debtor's Motion, (3) alternatively, deeming this Motion as a contested matter and setting an Evidentiary Hearing to determine the rights, if any, of the Debtor and New Vision with respect to the Lease/Sublease, (4) directing the Debtor to immediately set aside certain amount of funds to cover pre- and post-petitions due New Vision if and when the Court determines that such rents are due, and (5) granting such other and further relief as it deems just and proper.

DATED: December 26, 2013         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
BRAD D. KRASNOFF
AMY L. GOLDMAN
SCOTT LEE
Attorneys for NEW VISION HORIZON, LLC

4843-6750-6711.1                                9

# DECLARATION OF MICHAEL S. CHANG

I, MICHAEL S. CHANG, hereby declare as follows:

1. I am an individual over the age of 18 and am the Manager of NEW VISION HORIZIN, LLC ("New Vision"). I make this declaration in my capacity as the Manager of New Vision.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to such facts under oath.

3. This declaration is being submitted in support of the within Opposition of New Vision to the Omnibus Motion of HAWKEYE ENTERTAINMENT, LLC ("Debtor", "Debtor in Possession" or "Movant"), the debtor and debtor in possession herein, For An Order (1) Authorizing The Assumption Of Non-Residential Real Property Lease And Sublease For Premises Located At 618 South Spring Street, Los Angeles; (2) Deeming The Debtor And Sublessor In Compliance With Bankruptcy Code §365(b)(1)(A) And (B) Pending Adjudication Of Debtor's State Court Claims; (3) Excusing Or Deeming Debtor In Compliance With Bankruptcy Code §365(d)(3); Or, (4) Alternatively, Extending The Time Period Within Which The Debtor May Assume Or Reject Unexpired Non-Residential Leases And Executory Contracts And, If Applicable, The Time For Performance Under Bankruptcy Code §365(d)(3) (the "Motion") [Docket No. 40].

4. New Vision is the current owner of a certain parcel of commercial real property located at 618 S. Spring Street, Los Angeles, CA 90014 (the "Subject Property").

5. New Vision became the owner of the Subject Property when it foreclosed on its Deed of Trust on December 20, 2010. At the time of the foreclosure sale, the Subject Property was vested in the name of PAX America Development, LLC ("Pax America"), which was in bankruptcy.

6. On June 30, 2011, the Debtor commenced an action against New Vision styled, Hawkeye Entertainment, LLC v. New Vision Horizon, LLC (Case No. BC464610), in the Superior Court of California, County of Los Angeles (the "First Action"). A true and correct copy

1  of the Complaint filed in the First Action (the "First Complaint") is attached hereto as **Exhibit**
2  **"A"**. In the First Complaint, the Debtor alleged against New Vision, among other causes of
3  action, breach of the Lease, specific performance and declaratory relief (both with respect to (a)
4  right to amounts owed under the Lease and offsets and (b) rent commencement date).

5        7.    The Debtor attached a copy of the Lease concerning the Subject Property as
6  Exhibit "1" to the First Complaint. However, the copy of the Lease had only attached to it Exhibit
7  "D" and no other Exhibits or Amendments.

8        8.    New Vision later filed a Petition to Compel Arbitration of the First Action
9  (the "Petition") in lieu of an answer to the First Complaint. On May 10, 2012, the Petition was
10 granted by the Superior Court. After the Court ordered the parties to arbitrate the First Action, the
11 Debtor and New Vision entered into informal discussions to potentially settle the First Action
12 without the need to go to arbitration.

13       9.    The Debtor and New Vision attempted resolve their dispute consensually
14 but were not able to reach a resolution. New Vision asserts that there was no "meeting of the
15 minds."

16       10.    Unbeknownst to New Vision, the Debtor later claimed that the parties had
17 reached an oral agreement and that they purportedly agreed to execute a written agreement
18 memorializing the terms.

19       11.    New Vision disputed the Debtor's assertions regarding the existence of such
20 an agreement, oral or otherwise, between the parties. Even assuming arguendo that an oral
21 agreement did exist, which New Vision vehemently disputed and still disputes, New Vision
22 believes that any agreement affecting the ownership of real property which was not reduced to
23 writing violated the Statute of Frauds and was thus unenforeable.

24       12.    The First Action was stayed by the Superior Court.

25       13.    On July 15, 2013, the Debtor commenced a second action against New
26 Vision styled, <u>Hawkeye Entertainment, LLC v. New Vision Horizon, LLC</u> (Case No. BC515124),
27 in the Superior Court of California, County of Los Angeles (the "Second Action"). A true and
28 correct copy of the Complaint filed in the Second Action (the "Second Complaint") is attached

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-6750-6711.1

11

hereto as **Exhibit "B"**. In the Second Complaint, the Debtor alleged against New Vision, among other causes of action, breach of oral contract and breach of implied contract.

14. The Second Action was not stayed by the Superior Court.

15. On or about September 20, 2013, New Vision sent the Debtor a written five day notice to pay rent or quit demanding that the Debtor pay, among other things, unpaid rents for the Subject Property. A true and correct copy of the September 20, 2013 letter is attached hereto as **Exhibit "C"**. In the letter, New Vision demanded payment of $945,224.78 of unpaid pre-petition rents within 5 business days after receipt of the letter.

16. Thereafter, the Debtor commenced the within bankruptcy case (the "Bankruptcy Case") on September 30, 2013 (the "Filing Date").

17. Recently, an issue arose regarding the timing and manner of New Vision's foreclosure sale of the Subject Property.

18. As such, New Vision filed its Motion for Annulment of the Automatic Stay ("Annulment Motion") in the Bankruptcy Case of PAX America Development, LLC, Case No. 2:10-bk-62980-PC, on October 18, 2003. The Court granted the Annulment Motion and entered an Order to that effect on November 18, 2013.

19. Consequently, until November 18, 2013, it was uncertain whether New Vision would remain the owner of the Subject Property and therefore was not in a position to fully evaluate any motions and pleadings filed in this Bankruptcy Case (including the within Motion).

20. On November 29, 2013, the Debtor filed the within Motion [Docket No. 40]. The Debtor attached a copy of the Lease as Exhibit "A" to the Motion. The copy of the Lease which was attached to the Motion as Exhibit "A" included (a) Exhibits and (b) Amendments, which were not previously attached to the First or Second Complaint filed in the State Court nor provided by the Debtor's state court litigation counsel.

21. In the Motion, the Debtor asserts that it has sublet the premises covered under the Lease to WERM Investments, LLC ("WERM" or "Sublessee").

22. New Vision is informed that WERM and the Debtor have a common ownership.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-6750-6711.1

12

23. Paragraph 12.3(b) of the Lease states that:

(b) Any purported assignment without Landlord's prior written consent shall be void and of no force or effect and shall not confer any estate or benefit on anyone. Consent to one (1) assignment by Landlord shall not be deemed to be consent to any subsequent assignment to any other party.

24. Moreover, Paragraph 12.4 of the Lease states that:

Notwithstanding anything in this Lease to the contrary, Tenant shall have the right without Landlord's consent, to enter into an assignment or sublease to any Affiliate or to any Person succeeding to substantially all of the assets of Tenant as a result of a consolidation or merger, or to a Person acquiring all of substantially all of the stock, other ownership interest or assets of Tenant ("Permitted Assignment"), provided that the Permitted Use will be conducted in the Premises and provided further that within fifteen (15) days after the effective date of any such transfer the assignee or sublessee executes and delivers to Landlord an instrument reasonably acceptable to Landlord containing an express assumption of all of Tenant's obligations under this Lease (or, in the case of a sublease, a copy of the sublease which shall provide that it is subject to the Lease, which copy may be redacted to delete economic terms).

25. The Debtor did not attach a copy of the Sublease to the Motion nor was a copy of the Sublease ever provided to New Vision or its counsel.

26. New Vision never received any "instrument reasonably acceptable to Landlord containing an express assumption of all of Tenant's obligations under the Lease" and the condition precedent set forth in Paragraph 12.4 of the Lease was never satisfied. As such, New Vision believes that the entry into the Sublease without its express consent constituted a non-monetary, material breach of the Lease which may have resulted in the termination of the Lease prior to the Filing Date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this ___ day of December, 2013, at Los Angeles, California.

/s/ Michael S. Chang
MICHAEL S. CHANG

4843-6750-6711.1                                           13

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 221 North Figueroa Street, 12th Floor, Los Angeles, California 90012-2601

A true and correct copy of the foregoing document described as **NEW VISION HORIZON, LLC'S OPPOSITION TO DEBTOR AND DEBTOR IN POSSESSION'S OMNIBUS MOTION FOR AN ORDER (1) AUTHORIZING THE ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASE AND SUBLEASE FOR PREMISES LOCATED AT 618 SOUTH SPRING STREET, LOS ANGELES; (2) DEEMING THE DEBTOR AND SUBLESSOR IN COMPLIANCE WITH BANKRUPTCY CODE §365(b)(1)(A) AND (B) PENDING ADJUDICATION OF DEBTOR'S STATE COURT CLAIMS; (3) EXCUSING OR DEEMING DEBTOR IN COMPLIANCE WITH BANKRUPTCY CODE §365(d)(3); OR, (4) ALTERNATIVELY, EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTOR MAY ASSUME OR REJECT UNEXPIRED NON-RESIDENTIAL LEASE AND EXECUTORY CONTRACTS AND, IF APPLICABLE, THE TIME FOR PERFORMANCE UNDER BANKRUPTCY CODE §365(d)(3); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHAEL S. CHANG IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 26, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Katherine Bunker: kate.bunker@usdoj.gov
Sandford Frey: Sfrey@cmkllp.com
Stuart I Koenig: Skoenig@cmkllp.com
United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov
Marta C Wade: mwade@cmkllp.com, knielsen@cmkllp.com

II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):

On December 26, 2013, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ X ] Service information continued on attached page

III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 26, 2013 | Monique Talamante | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

4843-6750-6711.1

138

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**

**BY U.S. MAIL**

**DEBTOR**
Hawkeye Entertainment, LLC
14242 Ventura Blvd., #300
Sherman Oaks, CA  91423

**THE HONORABLE MAUREEN TIGHE**
United States Bankruptcy Court
Central District of California
San Fernando Valley Division
21041 Burbank Blvd., Suite 324
Woodland Hills, CA 91367

4843-6750-6711.1                    15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW